UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV17-06849 JAK (MRWx) | Date | May 18, 2018 |
|---|---|---|---|
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND ENTIRE ACTION TO CALIFORNIA SUPERIOR COURT (DKT. 13); PLAINTIFF'S JOINDER MOTION KEVIN PANG AS A PARTY (DKT. 12)**

**I.  Introduction**

On August 21, 2017, Chris Paul ("Plaintiff") brought this action against Hyatt Hotels Corporation ("Hyatt Hotels") and Does 1 through 50 in the Los Angeles Superior Court. Compl., Dkt. 1-2. The Complaint advances three causes of action: (i) racial discrimination in violation of the California Unruh Civil Rights Act, Cal. Civ. Code § 51; (ii) negligent hiring, training and supervision and (iii) intentional infliction of emotional distress. On September 7, 2017, Plaintiff amended the Complaint to add Hyatt Corporation ("Hyatt Corp.") as a defendant. Dkt. 1-5. On September 11, 2017, Hyatt Hotels and Hyatt Corp. (collectively, "Defendants") answered the Complaint. Answer, Dkt. 1-6. A week later, Defendants removed the action on the basis of diversity jurisdiction. Notice of Removal, Dkt. 1.

On October 25, 2017, Plaintiff filed a motion for leave to amend the operative complaint to add Kevin Pang ("Pang") as a defendant ("Joinder Motion"). Dkt. 12. The same day, Plaintiff filed a Motion to Remand the action to the Los Angeles Superior Court ("Motion to Remand"). Dkt. 13. The premise of the Motion to Remand is that, if the Joinder Motion is granted, there would no longer be complete diversity among the parties because both Plaintiff and Pang are citizens of California. On December 19, 2017, Defendants filed a combined, and untimely, opposition to the Joinder Motion and the Motion to Remand, Dkt. 20, and Plaintiff replied. Dkt. 21.

The Joinder Motion and the Motion to Remand (collectively, the "Motions") were taken under submission without a hearing pursuant to Local Rule 7-15. Dkt. 22. For the reasons stated in this Order, the Joinder Motion is **DENIED**. The Motion to Remand is, therefore, **MOOT**.

**II.  Factual Background**

    A.  The Parties

Plaintiff is an African-American. Compl., ¶ 14. Hyatt Hotels is a Delaware corporation with its principal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06849 JAK (MRWx) | Date | May 18, 2018 |
|---|---|---|---|
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | |

place of business in Illinois. *Id.* ¶ 4. The Complaint alleges that Hyatt Hotels owned, managed, supervised, maintained, controlled and operated the Andaz West Hollywood Hotel (the "Andaz"). *Id.* ¶ 3. Hyatt Corp. is a Delaware corporation whose principal place of business is in Illinois. Notice of Removal ¶ 5.

   B.  Allegations in the Complaint

The Complaint alleges that Plaintiff checked into his reserved suite at the Andaz with a group of approximately 15 guests on February 4, 2016. Compl., ¶¶ 15-16. It alleges that many of Plaintiff's guests were African-American. *Id.* ¶ 17. It is alleged that shortly after Plaintiff and his guests arrived, Pang, who was the Manager of the Andaz, knocked on the door to Plaintiff's suite. *Id.* ¶ 18. Pang was accompanied by two other Andaz employees. *Id.*

The Complaint alleges that Pang advised Plaintiff and his guests that they were being "disruptive." *Id.* ¶ 19. It alleges that Plaintiff apologized and told Pang they would "keep it down" and that "he had never been" to the Andaz before. *Id.* ¶ 20. It is alleged that Pang responded, "I'm sure you haven't. This is a nice area and we don't want Blacks in this hotel." *Id.* ¶ 21. It is alleged that Pang also told Plaintiff and his guests that the Andaz is an upscale hotel that is not suitable for African-Americans. *Id.* ¶ 22. It is also alleged that Pang told one of Plaintiff's guests, who is Caucasian, that the "group's presence would not be an issue if the room was switched to his name instead, since he is white." *Id.* ¶ 25.

The Complaint alleges that Plaintiff and his guests were then escorted out of the Andaz, with their belongings left behind in the suite. *Id.* ¶ 26. It alleges that when Plaintiff and his guests returned to the Andaz later that day, Plaintiff was informed that his key card had been deactivated, and that neither he nor his guests could return to the suite. *Id.* ¶ 27. It is alleged that Pang told Plaintiff again that the Andaz is not suitable for African-American guests. *Id.* ¶ 28. Plaintiff and his guests retrieved their belongings and were escorted out of the hotel. *Id.* ¶ 29.

   C.  Evidence Submitted in Support of Joinder Motion

Plaintiff submitted the declaration of his counsel, Gary E. Mastin ("Mastin"), in support of the Joinder Motion. Declaration of Gary E. Mastin ("Mastin Decl."), Dkt. 12 at 9. Mastin declares that Pang was not initially named in the Complaint because Mastin believed that Pang no longer worked at the Andaz and "could not be found." *Id.* ¶ 7. He declares that he believed that if Pang were named as a defendant it would cause "unnecessary delay and expense" because efforts to serve him would be futile. *Id.* ¶ 8. He further declares that he later located Pang. *Id.* ¶ 9.

**III.**  <u>**Analysis**</u>

   A.  Joinder Motion

     1.  <u>Legal Standards</u>

       a)  Fed R. Civ. P. 20(a)

 If an action presents a common question of law or fact as to persons, they may be joined as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06849 JAK (MRWx) | Date | May 18, 2018 |
|---|---|---|---|
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | |

defendants in a single action in which plaintiff asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Permissive joinder under Rule 20(a) "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

   b)  28 U.S.C. § 1447(e)

"In addition to the Rule 20(a) requirements, a party's request to amend the pleadings in a way that would destroy diversity is governed by 28 U.S.C. § 1447(e)." *Francis v. EBI Med. Sys., Inc.*, 2010 WL 4680290, at *1 (C.D. Cal. Nov. 10, 2010). If after an action is removed, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Accordingly, "[o]nce removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *see also Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1022 n.2 (C.D. Cal. 2002) ("[T]he proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)."). "[T]he decision regarding joinder of a diversity-destroying defendant is left to the discretion of the district court." *Newcombe*, 157 F.3d at 691.

Section 1447(e) "does not state the factors to be considered when making a determination of whether joinder should be permitted or denied." *Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015). However, the following factors (the "*Murphy* Factors") are often considered in evaluating post-removal requests to join non-diverse defendants:

 1. [W]hether the party sought to be joined is needed for just adjudication and would be joined under Fed. R. Civ. P. 19(a);

 2. [W]hether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder;

 3. [W]hether there has been unexplained delay in seeking the joinder;

 4. [W]hether the joinder is solely for the purpose of defeating federal jurisdiction;

 5. [W]hether the claim against the new party seems valid;

 6. [T]he possible prejudice that may result to any of the parties in the litigation;

 7. [T]he closeness of the relationship between the new and the old parties;

 8. [T]he effect of an amendment on the court's jurisdiction; and

 9. [T]he new party's notice of the pending action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06849 JAK (MRWx) | Date | May 18, 2018 |
|---|---|---|---|
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | |

*Id.* (citing *Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173-74 (E.D. Cal. 2011); *Oum v. Rite Aid Corp.*, No. CV08-7741-GHK, 2009 WL 151510, at *1 (C.D. Cal. Jan. 20, 2009)). Further, "under § 1447(e), a court has discretion to deny joinder of a party 'whose identity was ascertainable and thus could have been named in the first complaint.'" *Id.* at 1282 (quoting *Boon*, 229 F. Supp. 2d at 1023). "Remand is mandatory if the district court allows the joinder of a non-diverse party under § 1447(e)." *Edmond v. Kindred Healthcare Operating Inc.*, 2016 WL 7176566, at *3 (C.D. Cal. Dec. 8, 2016).

    2.    <u>Application</u>

        a)    The Requirements of Fed. R. Civ. P. 20(a) Are Satisfied

Plaintiff seeks to join Pang, the alleged Manager of the Andaz who made the racially discriminatory comments to Plaintiff and his guests. Although Plaintiff does not state in the Joinder Motion which of the causes of action he seeks to assert against Pang, any and all such claims would arise out of the same transaction or occurrence that underlies his claims against Defendants. Therefore, because all of the claims will present common questions of law and fact, the joinder of Pang would be proper under Fed. R. Civ. P. 20(a).

        b)    The *Murphy* Factors Weigh Against Granting the Joinder Motion

A consideration of the *Murphy* Factors demonstrates that joinder of Pang in this action is not warranted.

        (1)    <u>Whether Pang is an Indispensable Party Under Fed. R. Civ. P. 19(a)</u>

Defendants argue that Pang is not an indispensable party under Fed. R. Civ. P. 19(a). That rule provides that a "person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if":

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (ii) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Joinder may not be necessary, however, if the joined party would destroy subject matter jurisdiction. *Murphy*, 74 F. Supp. 3d at 1282.

"A plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants." *Perez v. City of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06849 JAK (MRWx) | | Date | May 18, 2018 |
|---|---|---|---|---|
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | | |

*Huntington Park*, 7 Cal. App. 4th 817, 820 (1992). Instead, under principles of respondeat superior, "an employer may be held liable for a defamatory statement made by its employee." *Kelly v. Gen. Tel. Co.*, 136 Cal. App. 3d 278, 284 (1982). Because "an employer that is vicariously liable for an employee's actions is also *fully* liable . . . the joinder of the employee [is] unnecessary for complete relief." *Meggs v. NBCUniversal Media, LLC*, 2017 WL 2974916, at *5 (C.D. Cal. July 12, 2017) (emphasis in original); *see, e.g.*, *Edmond*, 2016 WL 7176566, at *3 (defendant's employee not "an indispensable party under Rule 19(a) because the Court could likely accord complete relief among the existing parties under the doctrine of *respondeat superior*").

Defendants contend that the theory of liability advanced in the Complaint is for vicarious liability. In support of this position they claim that it alleges that Pang was acting within the scope of his employment during the February 4, 2016 incident. Defendants then argue that Pang is not a necessary party because complete relief can be obtained without having him as one. Thus, Defendants may be found liable for Pang's alleged discriminatory conduct under the applicable legal standards.

The theory of liability advanced in the Complaint includes vicarious liability. *See* Compl. ¶ 34 ("HYATT hotel manager, Pang, acting as a Manager for the Andaz West Hollywood Hotel, did purposefully and willfully discriminate against PLAINTIFF and his guests on the basis of race."); *id.* ¶ 47 ("HYATT hotel manager Pang for and on behalf of Defendant HYATT engaged in language and actions that showed a clear animosity and dislike for African-Americans. . . ."). Accordingly, complete relief can be obtained by Plaintiff without having Pang joined as a party.

Finally, Pang has not attempted to claim an interest relating to the subject matter of the action. The Ninth Circuit has determined that when a proposed defendant has not done so, joinder under Rule 19(a)(1)(B) may be unnecessary. *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999); *see also Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (subparts (i) and (ii) of Rule 19(a)(1)(B) "are contingent . . . upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action").

For these reasons, this factor weighs against granting the Joinder Motion.

        (2)    Whether the Statute of Limitations Would Prevent the Filing of a New Action

Plaintiff does not identify either in the Joinder Motion or elsewhere the causes of action he seeks to assert against Pang. Assuming that he seeks to assert all of the causes of action against Pang, a new action may be barred by the applicable statutes of limitations absent some form of tolling. Plaintiff's causes of actions accrued on February 4, 2016. The limitations period for all three claims is two years. *See Beemer v. Univ. of S. Cal.*, 2017 WL 3161204, at *12 (C.D. Cal. July 24, 2017) (claims of discrimination in violation of the Unruh Civil Rights are subject to Cal. Code Civ. Proc. § 335.1's two-year statute of limitations); *Kaldis v. Wells Fargo Bank, N.A.*, 2017 WL 2743394, at *7 (C.D. Cal June 23, 2017) ("An IIED claim is subject to a two-year statute of limitations." (citing Cal. Code Civ. Proc. § 335.1)); *Freeney v. Bank of Am. Corp.*, 2015 WL 12535021, at *36 (C.D. Cal. Nov. 19, 2015) ("Plaintiffs' negligent hiring claim is likewise subject to a two-year statute of limitations."). Thus, the limitations period for these claims may have expired on February 4, 2018, one day before the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06849 JAK (MRWx) | Date | May 18, 2018 |
|---|---|---|---|
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | |

scheduled hearing on the Motions. The statutes of limitations for these claims had not, however, expired when Plaintiff filed the Joinder Motion on October 25, 2017 or when Defendant opposed that motion in December 2017. At that point, Plaintiff was on notice that the Joinder Motion to add Pang as a Defendant might be denied. He could have brought a separate action in the Superior Court against him, but did not do so. Additionally, Plaintiff might be able to establish in a separate proceeding that his claims against Pang are not time barred through showing that some exception, such as equitable tolling, applies.

Consequently, this factor weighs slightly in favor of granting the Joinder Motion.

(3)    <u>Whether There Was Unexplained Delay in Seeking the Joinder</u>

Defendants acknowledge that Plaintiff did not delay in requesting to join Pang. Although the Joinder Motion was filed on October 25, 2017, Plaintiff stated his intention to do so in the parties' joint Rule 26(f) report, which was filed on October 2, 2017. Dkt. 11. This was approximately two weeks after Defendants removed the action, and just six weeks after the Complaint was filed.

In determining whether there was unexplained delay, courts "must consider whether the 'moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *Murphy*, 74 F. Supp. 3d at 1284 (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). Plaintiff states that his delay in naming Pang was due to his inability to locate Pang after he stopped working at the Andaz. This argument is not persuasive. Plaintiff was clearly aware of Pang's involvement in the alleged discriminatory conduct when he filed the Complaint; indeed, Pang's name appears 15 times therein. Anticipated difficulty in locating a defendant does not justify a decision not to join him where he allegedly played a central role in the alleged misconduct.

For these reasons, this factor weighs against granting the Joinder Motion.

(4)    <u>Whether Joinder is Solely for the Purpose of Defeating Federal Jurisdiction</u>

Defendants argue that Plaintiff's motive in seeking to join Pang after removal should be scrutinized. Thus, they argue that the explanation Plaintiff has provided for his failure to name Pang initially is "illogical [and] unconvincing" and "does not dispel the strong inference that [P]laintiff's real motivation is to defeat diversity." In making this argument, they emphasize that Pang is clearly identified in the Complaint.

Pang's joinder would defeat federal jurisdiction. Indeed, Plaintiff acknowledges in both the Joinder Motion and the Motion to Remand that the addition of a non-diverse defendant would require remand. *See* Dkts. 12-13. Thus, all parties agree that Plaintiff and Pang are both citizens of California. Compl. ¶ 1; Dkt. 12 at 6. Given these considerations, Plaintiff's Joinder Motion "raise[s] concerns as to whether the claims are valid, or instead asserted for the purpose of defeating diversity jurisdiction." *Murphy*, 74 F. Supp. 3d at 1286.

For these reasons, this factor weighs against granting the Joinder Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-06849 JAK (MRWx) | Date | May 18, 2018 |
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | |

(5)     Validity of the New Claim(s)

Plaintiff has not identified which causes of action he seeks to assert against Pang. Assuming, however, that Plaintiff seeks to assert the three causes of action advanced in the Complaint against Pang, two of them have facial validity.

The negligent hiring, training and retention claim is one that may only be asserted against employers, not employees. *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009) ("An *employer* may be liable to a third person for the employer's negligence in hiring or retaining an employee who is incompetent or unfit." (emphasis added) (quoting *Roman Catholic Bishop v. Superior Court*, 42 Cal. App. 4th 1556, 1564-65 (1996)). Accordingly, Plaintiff could not assert a valid negligent hiring, training and retention claim against Pang. In contrast, the Unruh Civil Rights Act and intentional infliction of emotional distress claims may be advanced against Pang.

(a)     The Unruh Civil Rights Act

"The Unruh Civil Rights Act's antidiscrimination provisions apply to business establishments that offer to the public 'accommodations, advantages, facilities, privileges, or services.'" *N. Coast Women's Care Med. Grp., Inc. v. San Diego Superior Court*, 44 Cal. 4th 1145, 1153 (2008) (quoting Cal. Civ. Code § 51(b)). It "subjects to liability '[w]hoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to [the Act],'" such as discrimination on the basis of race. *Id.* at 1154 (alterations in original) (quoting Cal. Civ. Code § 52(a)). Accordingly, "liability under the Act . . . extends beyond the business establishment itself to the business establishment's employees responsible for the discriminatory conduct." *Id.*

Defendants acknowledge that Plaintiff could state a valid claim against Pang under the Unruh Civil Rights Act. The Complaint alleges that Pang came to the suite in which Plaintiff was staying and told him and his guests that "we don't want Blacks in this hotel." Compl. ¶ 21. Further, it alleges that Pang told Plaintiff and his guests that the Andaz is an upscale hotel that is not suitable for African-Americans. *Id.* ¶¶ 22, 28. It is also alleged that Pang told one of Plaintiff's Caucasian guests that the "group's presence would not be an issue if the room was switched to his name instead, since he is white." *Id.* ¶ 25. These allegations are sufficient to state a claim. Accordingly, to the extent Plaintiff seeks to assert a claim under the Unruh Civil Rights Act against Pang, it would be facially valid.

(b)     Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress ("IIED") requires a showing of each of the following: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering [of] severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993) (quoting *Christensen v. Superior Court*, 54 Cal. 3d 868, 903 (1991)). Outrageous conduct "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* (quoting *Christensen*, 54 Cal. 3d at 903).

The allegations that are sufficient to state a claim under the Unruh Civil Rights Act are also sufficient to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-06849 JAK (MRWx) | Date | May 18, 2018 |
|---|---|---|---|
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | |

state an IIED claim. Accordingly, to the extent that Plaintiff seeks to assert an IIED claim against Pang, it would be facially valid.

*    *    *

For the foregoing reasons, whether this factor weighs in favor of granting the Joinder Motion depends on which of the claims Plaintiff seeks to advance against Pang.

### (6) Possible Prejudice to Any Party

Defendants do not argue that they will suffer prejudice if the Joinder Motion is granted. Instead, they claim Plaintiff will not suffer any prejudice if joinder is not permitted. Plaintiff argues that he will be prejudiced because Defendants might prevail in this action by arguing that Pang was not acting within the course and scope of his employment on the night of the incident. This argument is not persuasive. If Defendants prevailed on this defense in this action, it would not prevent Plaintiff from asserting claims that are timely in a separate action against Pang. Accordingly, because there is no strong showing that either party will be prejudiced by the disposition of the Joinder Motion, this factor is neutral.

### (7) Relationship Between the New and the Old Parties

Because it is alleged that Pang was employed by Defendants and acted within the scope of his employment during the alleged incident, there is a closeness in relationship between Pang and Defendants. *See Oum*, 2009 WL 151510, at *2 ("[T]here is a closeness in relationship between [Defendant] Rite Aid and Nguyen[, the party sought to be joined,] because Nguyen is a supervisor at Rite Aid."). For these reasons, this factor weighs in favor of granting the Joinder Motion.

### (8) Effect of Amendment on Jurisdiction

If the Joinder Motion is granted, there would no longer be complete diversity among the parties or a basis for continued federal jurisdiction. Therefore, this factor weighs against granting the Joinder Motion.

### (9) New Party's Notice of Pending Action

No evidence has been presented as to whether Pang is aware of the pending action. Accordingly, this factor is neutral.

*    *    *

For the foregoing reasons, a balancing of the *Murphy* factors weighs against granting the Joinder Motion. Plaintiff has not provided a persuasive justification for his failure to add Pang as a party prior to removal. This presents significant issues as to whether the purpose of the Joinder Motion is to defeat federal jurisdiction and require a remand. Further, although the limitations period may have expired on certain claims Plaintiff might seek to assert against Pang, Plaintiff received notice that the Joinder Motion was opposed nearly six weeks before those statutory periods ended. Finally, Pang is not a necessary party to this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-06849 JAK (MRWx) | Date | May 18, 2018 |
| Title | Chris Paul v. Hyatt Hotels Corporation, et al. | | |

## IV.     Conclusion

For the reasons stated in this Order, the Joinder Motion is **DENIED**. The Motion to Remand is **DENIED** because it is **MOOT**.

**IT IS SO ORDERED**.

:

Initials of Preparer     ak